

C\r
9-22-17

JMH: USAO 2017R00525

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GLR-17-0507 |
| | * | |
| MAXIMO H. GONDRES-MEDRANO | * | (Possession with Intent to Distribute |
| | * | Heroin, 21 U.S.C. § 841(a)(1)) |
| Defendant | * | |
| | * | |
| | * | |

*******

## INDICTMENT

### COUNT ONE
(Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

On or about September 8, 2017, in the District of Maryland and elsewhere, the defendant,

**MAXIMO H. GONDRES-MEDRANO,**

did knowingly and intentionally possess with intent to distribute one hundred (100) grams or more of a quantity of a mixture and substance containing a detectable amount of Heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

21 U.S.C. § 841(a)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.     Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, in the event of the defendant's convictions under Count One of this Indictment.

### Narcotics Forfeiture

2.     Pursuant to 21 U.S.C. § 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Count of this Indictment, the defendant,

**MAXIMO H. GONDRES-MEDRANO,**

shall forfeit to the United States of America:

    a.     any other property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

    b.     any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

### Substitute Assets

3.     If, as a result of any act or omission of a defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853

Stephen M. Shenning
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Dated: September 27, 2017